Dear Ms. Mabry:
This office is in receipt of your recent letter regarding various fees charged for services provided by your office.
Your first question pertains to the cancellation of mortgages upon production of the promissory note secured thereby. Specifically you are interested in determining if your office may charge the following fees when such cancellations are performed: (a) a $3.00 fee for cancellation, (b) a $3.00 fee for filing of the note, and (c) a $2.00 fee for research necessary to determine the mortgage volume and page number of the mortgage to be cancelled.
R.S. 13:844 pertinently provides:
 "(A) Clerks of the district courts . . . shall charge the following fees:
* * *
 (8) For cancelling real estate mortgage, three dollars.
* * *
 (12) For recording any instrument . . . in any book of the recorders' office when required by law, for each hundred words, seventy-five cents or a minimum of three dollars per page".
Additionally, we direct you to R.S. 9:5167, which provides for the cancellation of mortgages upon receipt of the original mortgage note. R.S. 9:5167(B) pertinently provides:
 "Immediately upon receipt of an original note pursuant to Subsection A of this Section the . . . clerk of court . . . shall certify on the original note that the original note was presented on such date in accordance with this statute and shall immediately photocopy, or otherwise facsimile reproduce, one or more times as requested by the presenter, the original note to the presenter. Each such reproduction shall be certified true by the . . . clerk of court . . ., and may charge no more than ten dollars for each photocopy or facsimile. One of the certified true reproductions shall be recorded." (Emphasis supplied)
Based upon the foregoing statutory provisions, it is the opinion of this office that you may charge a $3.00 fee for cancelling a mortgage and an additional $3.00 for recording the certified true reproduction of the note.
We could find no provision of law which would authorize you to charge $2.00 for running the mortgage indices to determine where the mortgage is recorded. In Atty. Gen. Op. 84-17, this office opined:
 "There is no express statutory authority for clerks of the district courts to collect fees other than those enumerated by statute. The statutes authorizing collection of fees are limited and specific, and the amounts to be collected are mandated. Therefore, it is our view that the Legislature intended to exclude all those situations not explicitly covered by statute."
Additionally, Atty. Gen. Op. 77-115 states, with reference to R.S. 13:844:
 "The above statute is mandatory as to these amounts and the clerk's fees cannot vary upward or downward therefrom. Such has been the manner of statutorily fixed fees, and they have been consistently interpreted that way."
It is our opinion that you may not charge $2.00 fee for running the mortgage indices in connection with the cancellation of mortgages. Of course, as you are no doubt aware, you can charge an additional 10% of the $3.00 cancellation fee and the $3.00 recordation fee in accordance with R.S. 13:844(F).
Your second question arises in connection with the cancellation of mortgages when the mortgage note is lost or destroyed, in accordance with the provisions of R.S. 9:5168. Pursuant to R.S.9:5168, mortgages can be cancelled upon presentation of an affidavit "from the last holder of the promissory note which is secured by the mortgage or vendor's privilege". Since many of the affidavits submitted in accordance with R.S. 9:5168 are executed by individual `officers' on behalf of financial institutions or other companies, you would like this office to address whether you can require proper proof of authority of such officers before cancellation of the mortgage.
It is the opinion of this office that you may require a duly certified resolution of the institution or company on whose behalf the affidavit is executed, and, if necessary, a certificate of incumbency or other reasonable evidence that the individual executing the affidavit has the requisite corporate authority to do so. If the individual executing the affidavit does not have the requisite authority to execute the affidavit on behalf of the mortgagee corporation, then the affidavit is not clearly "[t]he affidavit of the last holder of the promissory note". Only the affidavit of the last holder of the note is acceptable under R.S. 9:5168.
Your third question pertains to the fees to be charged in connection with cancellations of mortgages based upon lost note affidavits. In your letter, you refer to certain flat fees that you charge in connection with these affidavits — $18.00 for a one page affidavit with a one page resolution, or $13.00 for a one page affidavit that does not require recordation of a resolution. In our opinion, flat fees such are you have been charging are not authorized by R.S. 13:844. As previously stated, the fees referred to in R.S. 13:844 are mandatory, and are not subject to deviation. Atty. Gen. Ops. 84-17 and 77-115.
In our opinion, the following fees should be charged in connection with such cancellations:
$2.00 for filing — R.S. 13:844(A)(1)
$0.50 per name, per book indexed — R.S. 13:844(A)(3)
$3.00 for cancellation — R.S. 13:844(A)(8)
$0.75 per 100 words, minimum of $3.00 per page (including resolutions that need to attached for recordation) — R.S.13:844(A)(11)
Additionally, in accordance with R.S. 13:844(F), you may charge an additional 10% of each of the above-specified fees.
Your fourth question arises in connection with the cancellation of mortgages pursuant to R.S. 9:5556 and 9:5557. These provisions provide for the cancellation of mortgages which secure obligations other than notes or instruments paraphed for identification with the mortgage. Mortgages which secure obligations other than notes are released by acts of release or cancellation executed by the mortgagee. As with `lost note affidavits' presented to your office in accordance with R.S.9:5168, many of these acts of release or cancellation are executed by officers or agents of mortgagees without proof of their authority to act on behalf of the mortgagee. You, therefore, ask whether you may require proper evidence of the officer or agent's authority to act for the mortgagee.
As with lost note affidavits, it is the opinion of this office that you may require a duly certified resolution of the institution or company on whose behalf an act of release is executed, and, if necessary, a certificate of incumbency or other reasonable evidence that the individual executing the affidavit has the requisite corporate authority to do so. In the case of `agents', it is the opinion of this office that you may require production of a properly executed power of attorney.
With regard to your fifth question, it is the opinion of this office that acts of release or cancellation executed in accordance with R.S. 9:5556 and 9:5557 should be filed and recorded in the mortgage records of your office. We note that R.S. 9:5557 requires the mortgagee to deliver an act of release/cancellation "in a form susceptible of recordation". We do not believe the legislature would have made such a requirement if it did not anticipate that such acts would be recorded.
Your sixth question pertains to the fees which you should charge in connection with cancellations based upon acts of release or cancellation in accordance with R.S. 9:5168. As previously stated, we consider the fees referred to in R.S. 13:844 to be mandatory. Accordingly, the following fees should be charged in connection with these types of cancellations:
$2.00 for filing — R.S. 13:844(A)(1)
$0.50 per name, per book indexed — R.S. 13:844(A)(3)
$3.00 for cancellation — R.S. 13:844(A)(8)
$0.75 per 100 words, minimum of $3.00 per page for recording (including resolutions or powers of attorney that need to be attached for recordation) — R.S. 13:844(A)(11)
Additionally, in accordance with 13:844(F), you may charge an additional 10% of each of the above specified fees.
In connection with both lost note affidavits and acts of release/cancellation, you indicate a charge for copying in accordance with R.S. 13:844(A)(13). I have spoken to Ms. Joan Carraway, of your office, who indicated that the copy charge was for the cost of copying the affidavit or act into your record books. In our opinion, such copying is part of the recordation process and is, therefore, not susceptible of a fee in addition to the fee to record. Furthermore, the fee referred to in R.S.13:844(A)(13) is for copying "official documents", not public acts or acknowledged private acts.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be helpful in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv